**Paul BACHHOFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62878.

Court of Criminal Appeals of Texas, Panel No. 1.

May 19, 1982.

Rehearing Denied June 23, 1982.

Rod E. Wetsel, Sweetwater, for appellant.

1.

Frank Ginzel, Dist. Atty., and Russell L. Carroll, Asst. Dist. Atty., Colorado City, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for indecency with a child, V.T.C.A. Penal Code, Sec. 21.11. After the jury found appellant guilty, punishment was assessed at six years.

On February 11, 1978 the eleven-year-old prosecutrix attended a "slumber party" with several other girls at the home of Claudia Holcomb. Holcomb's daughters hosted the party. Appellant had known Holcomb and her daughters for several years and was at the time of the offense a temporary boarder at the residence.

Prior to the party, the five girls went skating. At 10:30 p. m., Holcomb and the appellant picked them up at the skating rink and proceeded to a liquor store. At the store, the adults purchased wine and beer selected by the girls. Holcomb then drove the appellant, and the girls, back to the house where the party was to be held. She soon after departed, leaving the girls under the appellant's supervision.

Although all of the girls attending the party were minors, most drank beer or wine and smoked marihuana with two other adult men who were present at the house. The prosecutrix both drank wine and smoked marihuana. Late in the evening the prosecutrix related she became sick and dizzy. Her girlfriends tried to sober her by giving her a bath and putting her to bed. While in bed, the prosecutrix related that appellant also got into bed and fondled both her breasts. Three other girls also testified to observing the incident. After appellant fondled her breasts the prosecutrix testified she passed out and could not remember any further details of the party.

Appellant testified in his own defense. He stated that he was present at the girls' party and that many of the girls, including the prosecutrix, drank alcohol and smoked marihuana. He admitted to drinking beer and taking drugs on the same evening. He denied fondling the prosecutrix or engaging in any type of sexual activity with anyone on that night. On cross-examination, the State inquired of appellant why the girls would lie about the offense. In response, appellant conjectured they might be trying to "frame" him. Thereafter, over appellant's objection, the prosecutor questioned him concerning an extraneous offense allegedly committed over four years earlier in Shawnee, Oklahoma. The State produced evidence that appellant had been accused in 1973 of fondling another child, although he was never indicted for the offense.

As rebuttal witnesses the State called Rose Larsen and her daughter. Larsen and her daughter had made the 1973 complaint against appellant for "lewd and lascivious behavior." Larsen testified she was uncertain as to the final outcome of the charges, but that her daughter had never before testified to the alleged incident in court. Over appellant's objection, Larsen related she thought a "deal" had been struck so that appellant did not have to stand trial. The status of the Oklahoma charges, if any, against appellant was not determined at trial and the State failed to offer any documentary evidence of an indictment, conviction, or plea bargain.

Appellant's eleven grounds of error are all grounded upon the admission of evidence concerning the extraneous offense in Oklahoma and the subsequent testimony of Larsen and her daughter. Among his contentions, appellant urges that the extraneous offense was inadmissible because it was too remote in time.

■ Evidence of other unrelated and extraneous offenses is not generally admissi-

ble, so as to avoid the jury trying a defendant for the collateral crime or being a criminal generally. See, e.g., *Rubio v. State*, Tex.Cr.App., 607 S.W.2d 498; *McCann v. State*, Tex.Cr.App., 606 S.W.2d 897; *Murphy v. State*, Tex.Cr.App., 587 S.W.2d 718. As we stated in *Albrecht v. State*, Tex.Cr. App., 486 S.W.2d 97:

> "Limitations on the admissibility of evidence of an accused's prior criminal conduct are imposed, not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him. E.g., *Ford v. State*, [Tex.Cr.App., 484 S.W.2d 727], supra; *Windham v. State*, 59 Tex.Cr.R. 366, 128 S.W. 1130; *Crass v. State*, 30 Tex.App. 480, 17 S.W. 1096. See also 1 Wharton, Criminal Evidence (12th Ed.) Sec. 232; 22A C.J.S. Criminal Law § 682." 486 S.W.2d at 100.

Evidence of an extraneous offense, however, is not inadmissible under every circumstance. An exception to the general rule is established where evidence of the offense is relevant to prove a contested issue at trial. Examples of when the commission of an extraneous offense by the accused is admissible is when it is offered to establish identity of the person or crime, intent, motive, system or as part of the "res gestae" of the offense on trial. *Albrecht v. State*, supra; see *Archer v. State*, Tex.Cr. App., 607 S.W.2d 539; *Chambers v. State*, Tex.Cr.App., 601 S.W.2d 360; *Barefoot v. State*, Tex.Cr.App., 596 S.W.2d 875; *Garcia v. State*, Tex.Cr.App., 573 S.W.2d 13. Included among the exceptions is the admissibility of an extraneous offense to refute a defensive theory raised by the accused. *Albrecht v. State*, supra, see *Cameron v.*

*State*, Tex.Cr.App., 530 S.W.2d 841; *Halliburton v. State*, Tex.Cr.App., 528 S.W.2d 216.[1]

Appellant argues that the commission of the offense in Oklahoma was too remote in time to be admissible in evidence because it allegedly occurred over four years earlier. Appellant directs the court's attention to *James v. State*, Tex.Cr.App., 554 S.W.2d 680 as authority for contending the Oklahoma offense was too remote.

In *James*, the defendant appealed from a conviction for aggravated rape. At trial, the State introduced evidence of a rape committed by the defendant in Florida two years and nine months prior to trial when he was thirteen years old. We there determined that the extraneous offense committed two years and nine months earlier was too remote to be admissible.

In *Robledo v. State*, Tex.Cr.App., 480 S.W.2d 401, this Court also addressed the issue of remoteness. The defendant was convicted of passing as true a forged instrument. At trial the State offered evidence of a prior forgery conviction which was four years and three months old. This Court reversed the conviction, concluding that the initial forgery was too remote to establish intent.

Likewise, in *Ybarra v. State*, Tex.Cr.App., 401 S.W.2d 608, the State introduced evidence of prior extraneous unlawful sales of whiskey and beer at Ybarra's trial for unlawful possession of beer for the purposes of sale in a dry area. The extraneous offenses admitted were committed four years and two months before the date of the offense charged. This Court reversed the conviction stating that the prior judgment should not have been admitted into evidence because it was too remote. See also *Jackson v. State*, 135 Tex.Cr.R. 140, 118 S.W.2d 313.

Finally, in *McDonald v. State*, Tex.Cr. App., 513 S.W.2d 44, this Court dealt with

1. The court in its charge limited the jury's consideration of the extraneous offense "in determining the intent of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment, or tending to rebut, if it does, the defensive theory that the charged act did not occur, and for no other purpose."

the issue of remoteness in affirming a conviction for sodomy. Citing *Robledo*, supra, for the proposition that, "introduction of an extraneous offense which occurred four years and three months before the offense on trial [is] reversible error since the extraneous offense [is] too remote," we held that, in comparison, an offense committed only a year earlier was not too remote.

In appellant's instance, the record indicates the alleged Oklahoma fondling offense occurred in October of 1973. Therefore, in the instant case, the extraneous offense and the offense on trial are separated by approximately four years and four months. Under all the circumstances of this case, we conclude that the remoteness of time of this particular offense, coupled with no evidence of other intervening similar offenses, and no final conviction for the extraneous offense, are such as to render the extraneous Oklahoma offense inadmissible. See *James v. State*, supra; *McDonald v. State*, supra; *Robledo v. State*, supra. Prejudicial error resulted in the admission of such evidence over the appellant's objection.[2]

The judgment is reversed and the cause is remanded.

---

2. While the reversal of this cause is bottomed on the remoteness of the extraneous offense, the opinion should not be taken to imply that the extraneous offense would have otherwise been admissible.