Dennis Ray **ROBERTSON**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–84–078–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 27, 1985.

John W. Bates, Dallas, for appellant.

Henry Wade, Dist. Atty., and Constance M. Maher, Asst. Dist. Atty., Dallas, for the State.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for voluntary manslaughter. Appellant raises four grounds of error. In his first ground of error appellant argues that his oral statement given to a police officer should not have been admitted into evidence at trial, because it was elicited through custodial interrogation. In his second ground of error appellant claims that the trial court should have granted a mistrial because counsel for the State asked a question of the witness which the trial court had previously ruled could not be made. In his third ground of error appellant urges that the State violated the rule by calling the victim's mother to testify. Finally, appellant asserts that the State improperly impeached a witness by informing the jury of his prior misdemeanor conviction for lying to a police officer.

We affirm.

This case stems from a dispute between appellant and Frederick Baker, the victim. Appellant claims that he had agreed to help

Baker move some furniture in exchange for payment. After performance, appellant tried to collect from Baker on several occasions, but each time Baker became angry and would not pay. On June 27, 1983, appellant was at a pool hall where he met Baker. After once again being threatened by Baker, appellant went home and got a shotgun. He then returned to the pool room and shot appellant from close range outside on the parking lot. Appellant testified that he shot out of self defense, because he had seen a shiny object on Baker's person. No weapon was found by the police. The shooting occurred about 5:00 p.m.

At about 10:00 p.m. that night appellant, accompanied by his mother, went to the Lew Sterrett Justice Center in Dallas. He approached the warrants desk on the second floor and told an Officer Leverett, who was on duty there, that he was wanted on a "murder charge." Leverett did not know what appellant was talking about. Leverett checked the records at the warrants desk but found nothing referring to appellant. He then asked appellant to explain the circumstances. Appellant responded by saying a man had been hassling him over some money and he pulled out his gun and shot him. After this explanation, Leverett placed a telephone call to a separate police division and confirmed that there had been a shooting as described by appellant.

An Officer Johnson, who had been assigned to the investigation of the crime when it occurred some five hours earlier, was then summoned to meet appellant at the jail. He informed appellant that he was being charged in a homicide and read him his *Miranda* rights. Appellant then signed a statement relating to the incident.

At trial Leverett's testimony about what appellant had told him at the warrants desk—that he had shot a man who was hassling him over money—was admitted over appellant's objection. Appellant claims that his oral statements to Leverett were the product of custodial interrogation, and were thus inadmissible because the requirements of TEX.CODE CRIM.PROC.

ANN. art. 38.22 sec. 3 were not complied with.

In assessing appellant's arguments, we note that a determination of when a person has been subjected to custodial interrogation depends on a variety of factors. Four main factors have been identified: (1) the subjective feelings of the person as to whether he feels himself to be in custody; (2) the subjective feelings of the officer interacting with the person as to whether the person is a suspect; (3) whether or not the focus of the investigation has finally centered on the person; and (4) whether the officer had probable cause to arrest the person. *Ruth v. State*, 645 S.W.2d 432 (Tex.Crim.App.1979); *McCrory v. State*, 643 S.W.2d 725, 733 (Tex.Crim.App.1982).

Applying these factors to the facts at bar, we fail to see that Officer Leverett ever placed appellant in custodial interrogation during the exchange in question. We place great significance on the fact that appellant voluntarily walked into the station and began talking to Officer Leverett. *See Newhouse v. State*, 420 S.W.2d 729, 731 (Tex.Crim.App.1967); *Brooks v. State*, 580 S.W.2d 825, 833, 834 (Tex.Crim.App. 1979). Furthermore, there was not any evidence to suggest that appellant did not feel himself free to go at any time during his exchange with Officer Leverett. On the contrary, appellant's own testimony showed that he approached and spoke to Officer Leverett on his own initiative.

Appellant argues, though, that at the time he approached Officer Leverett, he was the focus of the investigation. Appellant reaches this conclusion by noting that even if Officer Leverett himself had no reason to suspect appellant, those officers assigned to investigate the crime had already determined that appellant was a suspect. (The State stipulated to this last fact.) In short, appellant asks us to impute· the knowledge of those officers investigating the crime to Officer Leverett, in order to find that appellant was in custodial interrogation. This we decline to do. As far as we can tell, Officer Leverett had no investigatory responsibility, either for the crime

in question or for any other crimes, at the time appellant approached him. Instead, his duties were clerical and administrative. For that reason, we cannot hold that Officer Leverett's follow-up question to appellant, in which he asked him to explain the circumstances, established a relationship of custodial interrogation.

In *Ruth*, 645 S.W.2d at 436, upon which appellant relies, the Court of Criminal Appeals held that the suspect's statement to police officers, who had responded to a call from a dispatcher, that he had shot the victim, established a relationship of custodial interrogation because it immediately focused the investigation on the suspect and furnished probable cause to believe that he had committed an offense. Relying on *Ruth*, appellant argues that his first statement to Officer Leverett that he wanted to turn himself in on a murder charge also established a relationship of custodial interrogation. We disagree. In *Ruth* the officers who questioned the suspect were directly involved in the investigation. Furthermore, in *Ruth* the investigating officers approached the suspect and began asking him questions; the suspect did not initiate the conversation. We thus find that appellant was never placed in custodial interrogation. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that a mistrial should have been granted because the prosecutor asked Officer Leverett the following question: "Did he [appellant] tell you at any time that the man he shot went for a weapon?" Appellant claims this question was asked in bad faith by the prosecutor because the trial judge had previously instructed the prosecutor that he could only ask Officer Leverett to recount appellant's response to Officer Leverett's query about the circumstances. Although appellant objected and the court instructed the jury to disregard, appellant points out that the question bore directly on the disputed issue of self defense which appellant ultimately lost.

■ It is well established that any error in asking an improper question may generally be cured or rendered harmless by sustaining an objection and giving an instruction to disregard. *Seaton v. State*, 564 S.W.2d 721, 725 (Tex.Crim.App.1978). An exception to this rule is where the evidence is clearly calculated to inflame the minds of the jury, and is of such character as to suggest the impossibility of withdrawing the impression. *Torres v. State*, 552 S.W.2d 821 (Tex.Crim.App.1977). Appellant has failed to produce any authority to support his contention that the question was so inflammatory or egregious as to warrant a new trial, and we fail to see how an instruction to disregard was not sufficient to cure any error. In this situation appellant's second ground of error is overruled.

■ In his third ground of error, appellant argues that "the rule" was violated when the victim's mother testified for the State as a rebuttal witness. Appellant claims the trial court abused its discretion in allowing this testimony because (1) the witness had heard appellant testify and (2) the witness's testimony contradicted the testimony of appellant. *See Murphy v. State*, 496 S.W.2d 608, 610 (Tex.Crim.App. 1973); *Hougham v. State*, 659 S.W.2d 410, 413 (Tex.Crim.App.1983). We have read the statement of facts and do not find that there is a contradiction between the testimony of the appellant and that of the witness. On direct examination appellant tstified that he went to an apartment and it was there that he moved some furniture at the request of the victim. Witness Baker testified on the other hand that the victim, her son, had never moved out of the house where she and her son lived. Witness Baker's testimony regarding the residence of the victim, and appellant's testimony regarding the location where he had gone in order to move furniture at the request of appellant, are not contradictory. Appellant gave no testimony which suggested that the victim, in asking appellant to move some furniture, was planning to change his residence. We find that there was no abuse of discretion in allowing witness

Baker to testify, and therefore we overrule appellant's third ground of error.

Appellant's fourth ground of error centers on the propriety of the State's impeachment of the defense witness Troy Richardson. In rebuttal, the State informed the jury of Richardson's prior misdemeanor conviction for making a false report to a police officer. TEX.PENAL CODE ANN. sec. 37.08. Appellant claims that this misdemeanor is not a crime of moral turpitude because, although it involved dishonesty, it was not motivated by personal gain.

■ It is well established that in a criminal case, the credibility of a witness can be attacked by showing that the witness has been convicted of either a felony or a misdemeanor involving moral turpitude. *Trippell v. State*, 535 S.W.2d 178, 180 (Tex. Crim.App.1976). As to what misdemeanors involve moral turpitude, there appear to be no clear cut criteria. Misdemeanors held to involve moral turpitude include theft, forgery and prostitution. Misdemeanors held not to involve moral turpitude include drunkenness, gambling and fighting. *See* Ray *Texas Law of Evidence* sec. 658 at 592 (Texas Practice 3d ed. 1980).

■ We hold that lying to a police officer involves moral turpitude, regardless of whether it was done for personal gain, because it involves dishonesty. There can be no question that a crime involving false statement and dishonesty is relevant to the credibility of a witness. Appellant's fourth ground of error is overruled.

The judgment is affirmed.