**Raymond OWENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–004–CR.**

Court of Appeals of Texas,
Texarkana.

July 31, 1990.

Rehearing Overruled Aug. 29, 1990.

Discretionary Review Granted
Dec. 12, 1990.

**824**

James R. Rodgers, Paris, for appellant.

Frank Long, Dist. Atty., Sulphur Springs, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Raymond Owens was convicted of aggravated sexual assault of a child and sentenced to fifteen years' imprisonment. He seeks a reversal of the judgment on allegations that the trial court erred in admitting evidence of an extraneous offense, in excluding evidence concerning an outcry witness' background, and in allowing improper argument by State's counsel. He also contends that there is insufficient evidence to support the conviction.

The State produced evidence that in August 1987, Owens pulled B____, his eleven-year-old daughter, onto a bed and put his hand up her shirt. After removing his hand, he held her hands above her head and put his other hand in her shorts. B____ testified that Owens penetrated her vagina with his finger. When she complained to Owens, he threatened to "beat her to death" if she told anyone about the incident. On October 15, 1988, B____ disclosed the act to Owens' brother, Glen. Dr. White examined B____, and testified that he found no sign of sexual abuse, but that the insertion of a finger into the victim's vaginal area would not likely make an impact or cause any scarring, especially where, as in this case, the act was considerably prior to the examination. Owens testified in his own behalf and denied making any sexual advances to B____.

On rebuttal, the State produced J____ F____, Owens' other daughter, who testified that her father sexually molested her when she was eleven years old and that he had intercourse with her twice. Owens also denied that allegation.

Owens contends that the court improperly admitted evidence of the extraneous acts with his other daughter. Extraneous offenses or acts are admissible only if they are relevant to a material issue in the case and it is shown that their probative value outweighs their prejudicial effect. *Turner v. State,* 754 S.W.2d 668 (Tex.Crim.App.1988); TEX.R.CRIM.EVID. 403. Due deference will be given to the trial court's decision on admissibility, and it will not be disturbed on appeal unless a clear abuse of that discretion is shown. *Templin v. State,* 711 S.W.2d 30 (Tex.Crim.App. 1986). Extraneous acts are not admissible to prove the character of the defendant in order to show that he acted in conformity therewith. TEX.R.CRIM.EVID. 404(b).

Extraneous acts may be admissible to show the context in which the charged act occurred, to prove identity when the State's evidence is circumstantial, to prove scienter when that is an essential element of the offense, to prove malice or a state of mind, and to rebut a defensive theory. *Turner v. State, supra.* An accused's claim that he was framed is a recognized defensive theory which may be rebutted by evidence of similar extraneous acts. *Boutwell v. State,* 719 S.W.2d 164, 179 (Tex.Crim.App.1985).

The State argues that the evidence was admissible to rebut the defensive theory that Owens was being framed. Owens testified that B____ was not satisfied with the material things that he and his wife could provide her and that she was unhappy with the ground rules of his home. He stated that she wanted to live with his brother, Glen, because he could provide her with more material things. Although the defensive theory that Owens was being framed by the witnesses was not explicitly raised, we find that it was implicitly raised by his testimony and that it left the impression with the jury that B____ had a motive in framing him. The admission of evidence of similar extraneous acts with his other

daughter was proper to rebut this impression.

■ We disagree with the State's claim that evidence of an extraneous offense involving a third party is admissible in sexual abuse cases to show probability. The State relies on *Morgan v. State*, 692 S.W.2d 877 (Tex.Crim.App.1985), and *Veloz v. State*, 666 S.W.2d 581 (Tex.App.–Houston [1st Dist.] 1984, no pet.), in making this argument. The Court of Criminal Appeals addressed the issue of third-party extraneous offenses in *Boutwell v. State*, supra. The court held that the rule allowing evidence of extraneous sexual acts to show the unnatural relation between the defendant and the victim applies only to acts between the defendant and the victim. The Court overruled prior cases which had expanded the rule to include extraneous acts between the defendant and a *third party*. *See McDonald v. State*, 513 S.W.2d 44 (Tex.Crim. App.1974); *Johnston v. State*, 418 S.W.2d 522 (Tex.Crim.App.1967). Furthermore, the holding in *Veloz v. State, supra,* was overruled by *Turner v. State, supra,* which held that *Veloz* relied on *Garcia v. State,* 573 S.W.2d 12 (Tex.Crim.App. [Panel Op.] 1978), which in turn relied on *McDonald V. State, supra,* and *Johnston v. State, supra. Boutwell* clearly meant to overrule those cases to the extent of any conflict.

■ Owens argues that even if otherwise admissible, the extraneous acts with J——— F——— should have been excluded because they were too remote from the charged offense. We disagree. Remoteness is merely one factor which must be considered in determining whether an extraneous offense is admissible. *Lewis v. State*, 674 S.W.2d 423 (Tex.App.–Dallas 1984, pet. ref'd). Owens cites *Bachhofer v. State*, 633 S.W.2d 869 (Tex.Crim.App. [Panel Op.] 1982), which held that a lapse of four years and four months between the charged and extraneous offenses, coupled with no evidence of intervening similar acts, rendered the extraneous offense too remote to be admissible. *Bachhofer* is distinguishable because there was little factu-

al similarity between the primary and the extraneous offense except they both involved fondling a child. Also, the children in that case were not related to Bachhofer or to each other. In the present case, both victims were Owens' daughters, both incidents involved sexual assault, and both incidents occurred when the victims were approximately eleven years old. Although the five-year interval here between the extraneous and indicted offenses is somewhat longer than some cases which have held the offenses to be too remote,[1] the similarities between the two offenses and the circumstances of their commission are such that evidence of the other acts is relevant to whether Owens committed the charged offense, and its probative value substantially outweighs any inflammatory or prejudicial effect. The lack of intervening acts of misconduct is not significant in this case because Owens had only the two daughters. Since he molested both girls when they were eleven years of age (thus accounting for the five-year interval), it can be reasonably inferred that he chose to commit the acts at those times in their lives when the girls would be most vulnerable and unlikely to resist or report the improper conduct. In that situation, neither the lapse of time nor the lack of intervening misconduct substantially detracts from the relevance of the extraneous acts.

■ Owens asserts that there is insufficient evidence to support the conviction. The critical inquiry on review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App. 1989).

A person commits the offense of aggravated sexual assault if he intentionally or knowingly causes the penetration of the anus or female sexual organ of a child by any means, and if the victim is younger than fourteen years of age. TEX.PENAL CODE ANN. § 22.021(a)(1)(B)(i) (Vernon 1979). The State's evidence established that Owens pulled B———, a child of eleven

---

1. *James v. State,* 554 S.W.2d 680 (Tex.Crim.App. 1977); *Robledo v. State,* 480 S.W.2d 401 (Tex. Crim.App.1972); *Ybarra v. State,* 401 S.W.2d 608 (Tex.Crim.App.1966).

years, onto the bed and put his hand down her shorts and penetrated her vagina with his finger. Although Owens denied guilt, there were other circumstances tending to confirm the victim's positive testimony. The jury was free to believe that evidence and reject Owens' testimony. A review of the record clearly shows that a rational trier of fact could have found that Owens committed the offense.

Owens also contends that the trial court erred in not allowing evidence concerning an outcry witness' background in order to show that the witness was prejudiced against him. Although a defendant is allowed great latitude in showing a witness' bias or motive to falsify testimony, the trial courts have considerable discretion as to how and when bias may be proved and what collateral evidence is material for that purpose. *Cloud v. State*, 567 S.W.2d 801 (Tex.Crim.App. [Panel Op.] 1978). The court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. TEX.R. CRIM.EVID. 403.

Owens offered to present evidence concerning Glen Owens' activities, including his alleged affair with Owens' daughter-in-law, his quitting his job, and his alleged animosity toward Owens. Generally, any evidence tending to show animosity of a witness toward the defendant should be admitted, since it bears on the witness' credibility and possible motive to fabricate. In this case, however, the evidence is so attenuated that its probative value on the issue of prejudice is speculative at best. Additionally, there was other evidence showing that Glen Owens disagreed with Owens on how he managed his daughters, and that he thought he was too strict on them. This evidence brought before the jury the inference that Glen Owens might have had animosity toward Owens. Thus, we conclude that excluding the evidence was harmless and did not amount to reversible error.

Finally, Owens contends that the prosecutor made improper jury argument at the punishment stage of the trial.

The particular argument objected to was as follows:

If he gets probation, I tell you what, you all are going to have to go down in the district clerk's office and get a permit before you can leave this courthouse. The Defendant is going to beat you out the door. You're going to have spent more time out here than he will have spent in jail, if he gets probation. You're the one being punished, almost.

This is simply an argument that probation would be inappropriate for the offense of aggravated sexual assault and would not provide sufficient deterrence. As such, it is a permissible plea for law enforcement. *Overstreet v. State*, 470 S.W.2d 653 (Tex. Crim.App.1971); *Lugo v. State*, 732 S.W.2d 662 (Tex.App.–Corpus Christi 1987, no pet.). We do not regard the prosecutor's comment that "[y]ou're the one being punished, almost," as being a plea for the jurors to make their decision on the basis of personal motives. It rather appears to be an argument that their decision would be rendered largely ineffective if Owens was given probation. We perceive no reversible error in any event.

For the reasons stated, the judgment of the trial court is affirmed.