**Carmella Beth JESSUP, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–348–CR.**

Court of Appeals of Texas,
Fort Worth.

April 7, 1993.

Rehearing Overruled June 9, 1993.

Robert Ford, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Susan Ayres, Richard Bland, and Fred Rabalais, Assts., Fort Worth, for appellee.

Before FARRIS and DAY, JJ.

## OPINION

FARRIS, Justice.

The appellant, Carmella Beth Jessup, was convicted of aggravated sexual assault. On appeal she challenges several trial court rulings admitting or excluding evidence. We sustain her points concerning admitted evidence of extraneous offenses and reverse the trial court's judgment.

Jessup's indictment contained nineteen paragraphs each alleging she sexually assaulted her eleven-year-old daughter, A.J. All nineteen offenses were alleged to have occurred on the same date. The jury found Jessup guilty of the one submitted count, that she had inserted her tongue in her daughter's sexual organ, and assessed her punishment as thirty-five years imprisonment.

In her first and second points, Jessup complains the trial court erred in admitting A.J.'s testimony that on other occasions Jessup had placed her mouth on A.J.'s vagina and had forced A.J. to put her mouth on the penis of Jessup's boyfriend. The State contends the testimony was admissible (1) because Jessup challenged A.J.'s credibili-

ty, (2) to show the context in which the alleged offenses occurred, and (3) because extraneous offenses were admissible in order to overcome the jurors' aversion to the notion that parents would sexually assault their children.

The State relies upon several cases to support its contentions. *E.g., Vernon v. State,* 814 S.W.2d 845 (Tex.App.—Fort Worth 1991), *rev'd,* 841 S.W.2d 407 (Tex. Crim.App.1992), which cited *Boutwell v. State,* 719 S.W.2d 164 (Tex.Crim.App.1985). In *Boutwell,* the Court of Criminal Appeals recognized and reexamined an exception to the general rule against admitting extraneous offenses in cases of sexual assault of a child. *Id.* at 178. The exception permitted the admission of extraneous offenses, similar to the charged offenses, which occurred between the accused and the complainant. *Id.* However, *Boutwell* no longer has precedential value, *see Vernon v. State,* 841 S.W.2d 407 (Tex.Crim.App.1992), and the exception it recognized has no legal force independent of Tex.R.Crim.Evid. 404(b). *Vernon,* 841 S.W.2d at 410–11. Therefore, whether the challenged testimony was admissible, as the State contends, is determined by measuring it against Tex. R.Crim.Evid. 404(b), ignoring the discredited *Boutwell* exception. We sustain points one and two because evidence of the two extraneous acts served no other purpose than as proof of Jessup's bad character and that the alleged offenses were consistent therewith. *See* Tex.R.Crim.Evid. 404(b).

■ The State contends the evidence of extraneous offenses was admissible: to rebut Jessup's challenges to A.J.'s credibility which occurred when Jessup questioned A.J. about allegations of sexual abuse A.J. supposedly made against others; to rebut a defensive theory that A.J. hated her mother and lied to get attention; and to aid the jury in assessing the credibility of the witnesses and in answering the question of Jessup's guilt. When one accused of sexually assaulting a child challenges the credibility of the complainant, proof of similar acts *may* be admissible, under 404(b), to rebut the challenge if the evidence *logical-*

*ly* serves that purpose. *See Montgomery v. State,* 810 S.W.2d 372, 394 (Tex.Crim. App.1990). Logic dictates that evidence of extraneous acts does not rebut a challenge to the credibility of other evidence if it is vulnerable to the same challenge.

We reject the State's argument A.J.'s testimony concerning extraneous offenses was admissible to rebut the challenges to her other testimony because the challenges attacked all of her testimony. In contrast, the testimony of an independent witness to the extraneous offenses, testimony of immediate outcry, or expert testimony about observable evidence of the extraneous offenses, e.g., physical or emotional trauma, could have logically rebutted the challenge to A.J.'s credibility because such evidence would not have been a product of any motive of A.J. to falsely accuse her mother, and thus, would not be vulnerable to the challenges.

■ The State contends the evidence of extraneous offenses was admissible to explain the context in which the charged offenses occurred, that is to show the offenses did not occur in a vacuum. This argument fails because the extraneous offenses showed nothing more than that Jessup repeatedly committed the same sort of offenses against her child. *See Owens v. State,* 827 S.W.2d 911, 915 (Tex.Crim. App.1992). Nothing marked Jessup's assaults to be unusual or distinctive to make the extraneous offenses relevant. *See id.* The only context applicable to the facts was the character of the accused.

■ The State also contends the evidence of extraneous offenses was admissible to overcome an aversion to the notion that parents would sexually abuse their children. This argument is only another expression of the discredited *Boutwell* rule.

Jessup's first two points of error are sustained.

■ In her sixth point, Jessup complains the trial court erred in admitting evidence of extraneous unadjudicated offenses at the punishment phase of the trial. This issue has been decided in her favor and is

controlled by the decision in *Grunsfeld v. State*, 813 S.W.2d 158 (Tex.App.—Dallas 1991), *aff'd*, 843 S.W.2d 521 (Tex.Crim.App. 1992). Point six is sustained.

In point of error three, Jessup complains the trial court erred in not allowing her to question Tim Jessup, her former husband and A.J.'s father, about his guilty plea to having assaulted her and his having been held in contempt for failure to pay support. Jessup contends the testimony was relevant because of the relationship between the accused, the witness and the complainant. She also argues she was entitled to show the witness's bias and attack his credibility.

 A trial court acts within its discretion in deciding to exclude evidence as irrelevant, and we will reverse a ruling excluding evidence as irrelevant only if a clear abuse of discretion is shown. *See Williams v. State*, 535 S.W.2d 637 (Tex. Crim.App.1976).

Tex.R.Crim.Evid. 609 provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a *felony* or involved *moral turpitude*, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

*Id.* (emphasis added); *see Lucas v. State*, 791 S.W.2d 35 (Tex.Crim.App.1989); *Robertson v. State*, 685 S.W.2d 488, 492 (Tex. App.—Fort Worth 1985, no pet.). Because neither the alleged conviction nor the contempt order is a felony or involves a crime of moral turpitude,[1] the trial court did not abuse its discretion in excluding Tim Jessup's testimony to attack his credibility.

 Although a defendant is allowed great latitude in showing bias of a witness or motive of a witness to falsely testify, the trial court has considerable discretion as to how and when bias may be proved and

what collateral evidence is material for that purpose. *Owens v. State*, 795 S.W.2d 822 (Tex.App.—Texarkana 1990), *aff'd*, 827 S.W.2d 911 (Tex.Crim.App.1992). In this case, Tim Jessup's testimony related primarily to the time periods when he cared for the children. Because Jessup does not contend that Tim Jessup's testimony concerning this matter was false and because the collateral evidence she sought to introduce was not related to the line of testimony given, we find the trial court did not abuse its discretion in excluding testimony about the collateral offenses to show bias.

 Because the relevancy of the testimony concerning the assault conviction and contempt order to show family relationship is tenuous, it is outweighed by the danger of confusing the jury and unnecessarily delaying the trial. Therefore, we hold the trial court did not abuse its discretion in excluding the testimony to show family relationship. Point three is overruled.

 In points four and five, Jessup complains the trial court erred in excluding her testimony about an incident involving A.J. and a neighborhood child in a sexual encounter, because it tended to show the history of allegations made by the complaining witness, and in excluding Melanie Cleveland's testimony regarding alleged sexual abuse by Tim Jessup against his son, T.J., because it was relevant to the family relationship issue.

Under the Texas Rules of Criminal Evidence, "[e]vidence which is not relevant is inadmissible." Tex.R.Crim.Evid. 402. Because the alleged early childhood incident occurred six years before the incident Jessup was found guilty of perpetrating, the trial court did not abuse its discretion in excluding the testimony concerning the matter as irrelevant. *See, e.g., Bachhofer v. State*, 633 S.W.2d 869, 871–72 (Tex.Crim. App. [Panel Op.] 1982).

We also find the trial court did not abuse its discretion in excluding Cleveland's proffered testimony because it was hearsay.

---

1. Misdemeanors held to involve moral turpitude are theft, forgery and prostitution. *Robertson,* 685 S.W.2d at 492. Misdemeanors held not to involve moral turpitude are drunkenness, gambling and fighting. *Id.*

Cleveland was the Child Protective Services specialist with whom A.J. discussed Jessup's sexual assault. Because Cleveland was not involved in the investigation of the allegations against Tim Jessup, and offered testimony concerning statements Jessup made to another investigator, the trial court properly excluded this testimony as hearsay. Points four and five are overruled.

The judgment of the trial court is reversed and the case is remanded for new trial.

HARRY HOPKINS, J. (Retired) Sitting by Assignment, concurs and dissents.

HARRY HOPKINS, Justice, (Retired), concurring and dissenting.

I concur in the majority opinion which holds that the judgment and sentence must be reversed. I would remand for a new trial on punishment only due to error by the trial court in admitting evidence, during the punishment phase of the trial, of extraneous sexual offenses involving the appellant and a witness, other than the complaining witness, and such witness and a male adult.

However, I respectfully disagree and dissent from that portion of the majority opinion that finds reversible error in the trial court admitting evidence of extraneous sexual offenses involving appellant and the complaining witness *after* appellant's attack on the credibility of the complaining witness. Such evidence was, in my view, admissible under the decision in *Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim. App.1990).