In her supplemental brief, Dessie waives point of error number eight.

Dessie argues in point of error number nine that the trial court erred by awarding judgment to Harold for attorney's fees. Attorney's fees may be awarded and considered as a factor in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances. *Carle v. Carle*, 149 Tex. 469, 474, 234 S.W.2d 1002, 1005 (1950); *In re Read*, 634 S.W.2d 343, 345 (Tex.App.—Amarillo 1982, writ dism'd). Inasmuch as we have found there to be error in the court's findings as to the conditions and circumstances of the parties, we conclude that the issue of attorney's fees should be remanded to the trial court for reconsideration in view of those changes. In view of the remand, we need not determine Dessie's point of error number nine.

We affirm that portion of the judgment decreeing a divorce between the parties, but we reverse the remainder of the judgment and remand that portion of this cause for further proceedings in accordance with this opinion. Costs are charged one-half to each party.

Donald VERNON, Appellant,

v.

The STATE of Texas, State.

No. 2–90–191–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1994.

Minor & Jester, and Tom D. Jester, Jr., Denton, for appellant.

Bruce Isaacks, Dist. Atty., and Kathleen A. Walsh, Vicki Foster, Asst. Dist. Attys. Denton, for appellee.

Before FARRIS, LATTIMORE and HICKS, JJ.

## OPINION ON REMAND

FARRIS, Justice.

Donald Vernon was convicted of aggravated sexual assault for putting his finger into the sex organ of his thirteen-year-old stepdaughter, K.D., and sentenced to life imprisonment. *See* TEX.PENAL CODE ANN. § 22.-021(a)(1)(B)(i) (Vernon 1989). In our previous opinion, *Vernon v. State*, 814 S.W.2d 845 (Tex.App.—Fort Worth 1991, pet. granted), we affirmed Vernon's conviction holding the trial court did not abuse its discretion in admitting K.D.'s testimony, concerning several unalleged similar acts of sexual abuse committed by Vernon against her, because it was a part of the ongoing crime itself and might fairly be regarded as individual man-ifestations of the growing abuse by Vernon of K.D.

The Court of Criminal Appeals granted Vernon's petition for discretionary review and reversed our decision holding *Boutwell v. State*, 719 S.W.2d 164 (Tex.Crim.App.1985), no longer has precedential value and the exception it recognized, for cases involving sexual abuse of a child by one standing in a parental relationship, has no legal force independent of TEX.R.CRIM.EVID. 404(b). On remand, we are to evaluate the harm caused by the admission of the extraneous offenses evidence under Texas Rule of Appellate Procedure 81(b)(2). *See Vernon v. State*, 841 S.W.2d 407, 410–11 (Tex.Crim.App.1992).

We reverse the trial court's judgment.

▮ Under Texas Rule of Appellate Procedure 81(b)(2), trial court error requires reversal of the judgment unless we determine beyond a reasonable doubt that it did not contribute to the conviction or to the punishment. The procedure for reaching this determination is to (1) isolate the error and all its effects, using the considerations enumerated in *Harris*[1] and any other considerations suggested by the facts of an individual case, and (2) ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Harris v. State*, 790 S.W.2d 568, 588 (Tex.Crim.App.1989). This requires an evaluation of the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution. *Id.* at 586.

In the instant case, the source of the error was the State and the nature of the error was the admission of testimony concerning unalleged sexual offenses committed by Vernon against K.D. The record reveals the State emphasized this evidence which undoubtedly called the jury's attention to it.

▮ After reviewing the above law and the record in this case, we hold the evidence of

---

[1] In *Harris*, the Court of Criminal Appeals stated a reviewing court, in applying the harmless error rule, should consider the source and nature of the error, the extent to which it was emphasized by the State, its probable collateral implications, the weight a juror would probably place upon the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989).

extraneous offenses served no other purpose than as proof of Vernon's bad character and that the alleged offense was consistent therewith, and we cannot say it did not contribute to his conviction or punishment. *See, e.g., Jessup v. State,* 853 S.W.2d 141 (Tex.App.—Fort Worth 1993, pet. filed) and *Hill v. State,* 852 S.W.2d 769 (Tex.App.—Fort Worth 1993, pet. ref'd).

Consequently, we sustain Vernon's second point of error, reverse the trial court's judgment, and remand the case for a new trial.