In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-462 CR


____________________



DAVID EDWARD FOWLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Court Cause No. 00-07-04380-CR






O P I N I O N



 Under a single indictment, appellant was convicted by a jury of three counts of
Aggravated Sexual Assault. See Tex. Penal Code Ann § 22.021(a)(1)(B), (2)(B) (Vernon
2003). On each count, the punishment assessed by the jury was identical: confinement
for life in the Texas Department of Criminal Justice--Institutional Division. Three issues
are presented for our consideration.

 Issue one complains that the application paragraphs of each of the jury instructions
omitted the phrase "and not the spouse of the Defendant," as alleged in each count of the
indictment. The indictment alleged the "Complainant was then and there a child younger
than 14 years of age and not the spouse of the Defendant." Relying on Doyle v. State,
631 (Tex. Crim. App. 1982), appellant contends that if required elements of the offense
are omitted from the application paragraph of the jury instructions, the conviction is fatally
defective.

 The application paragraphs instructed the jury that the victim had to be a "child
younger than fourteen (14) years of age," as alleged in each count of the indictment. The
jury instructions on each of the three counts defined the word "child" as "a person younger
than seventeen (17) years of age who is not the spouse of the actor." The term "spouse"
was defined for the jury as "a person who is legally married to another." 

 Appellant does not say there is insufficient evidence to prove that no spousal
relationship existed between the victim and appellant at the time of the offense. The victim
testified she was not the spouse of appellant, and has never been. She was younger than
fourteen years of age. 

 In Barrera v. State, 982 S.W.2d 415, 416-17 (Tex. Crim. App. 1998), the Court
of Criminal Appeals noted its more recent decisions have questioned the emphasis in Doyle
on a procedurally perfect jury charge. As the Barrera Court explained:

 In Malik v. State, we overruled the line of Texas cases that had held that
the jury charge absolutely controls an appellate court's assessment of
evidentiary sufficiency (the so-called Benson/Boozer doctrine). We instead
concluded that the proper measure of sufficient evidence was the
"hypothetically correct jury charge":


 Such a charge would be one that accurately sets out the law,
is authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the
particular offense for which the defendant was tried.


 [Malik, 953 S.W.2d] at 240. We pointed to authorities which had signaled
the decline of the importance of the application paragraph of a charge, as
well; for example, we acknowledged our recent observation that "it may well
be that application paragraphs are an anachronism, and that jurors could
perform just as well without them." Id. at 238 (quoting Plata v. State, 926
S.W.2d 300, 304 (Tex. Crim. App. 1996)). 


Barrera, 982 S.W.2d at 417 (quoting Malik v. State, 953 S.W.2d 234 (Tex. Crim. App.
1997)) (certain internal citations omitted). 

 In determining if jury charge error exists, we view the charge as a whole rather
than focus only on isolated statements or parts of the charge standing alone. See Marvis
v. State, 36 S.W.3d 878, 880 (Tex. Crim. App. 2001); Holley v. State, 766 S.W.2d 254,
256 (Tex. Crim. App. 1989). Immediately before the application paragraphs, the jury was
provided the full statutory definition of "child" and "spouse." The definition of the word
"child" included the "not-the-spouse-of-the-actor" restrictive language. The application
paragraph limited the term further with the phrase "younger than 14 years of age." We
conclude the jury charge accurately set out the law, was authorized by the indictment and
adequately described the particular offense for which the defendant was tried. Issue one
is overruled. (1) 

 We combine the analysis and discussion of issues two and three, as they both
complain of the same extraneous offense evidence admitted during the punishment phase
of the trial. The extraneous offense evidence consisted of testimony from a woman, B.B.,
who identified appellant as having sexually assaulted her when appellant was married to
B.B.'s mother, beginning some twenty-five years earlier when she was six years old, and
continuing until she was about sixteen years old. Appellant contends it was error to admit
this punishment phase evidence because he says the evidence was not relevant to a material
issue, was unfairly prejudicial and was too remote in time. 

 At the outset, we note appellant has provided no salient authority to support his
contentions. The cases he refers us to address admissibility of extraneous offense evidence
in the guilt-innocense phase of a trial. He also cites to a case, Bachhofer v. State, 633
S.W.2d 869 (Tex. Crim. App. 1982), that was decided before art. 37.07 was revised to
its present form. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (Vernon Supp. 2003). 
 Most of what appellant argues regarding the punishment phase evidence runs
contrary to article 37.07, section 3, which provides:

 [E]vidence may be offered by the state and the defendant as to any matter
the court deems relevant to sentencing, including but not limited to the prior
criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, the circumstances of the offense for which
he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Evidence, any other evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless
of whether he has previously been charged with or finally convicted of the
crime or act. 


By its express wording, section 3 of article 37.07 permits a trial court to admit extraneous
offense or bad act evidence to show a defendant's character. Furthermore, any extraneous
offense or bad act evidence is admissible without regard to Rule 404 (character evidence). 
See Tex. R. Evid. 404. We reject appellant's relevancy argument. 

 Appellant provides no specific authority for his remoteness argument in this context. 
Even assuming as a general proposition that the probative value of evidence in some
context conceivably could be diminished by the passage of time, the argument is not
persuasive here. The evidence showed a pattern of conduct over a ten year period of time. 
And the Legislature has determined under art. 37.07, section 3 that extraneous offenses
and bad acts may be introduced for the purpose of assisting the jury in assessing
punishment. The statute does not provide a time restriction. 

 In Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999), the Court found
Rule 401 of the Texas Rules of Criminal Evidence "helpful" in determining what evidence
is admissible under article 37.07, sec. 3. The Court reiterated that the sentencing phase
presents different issues than the guilt-innocence phase: the Rule 401 definition of
"relevant" is not a "perfect fit" in the sentencing context. And the Court quoted the
following from Miller-El v. State, 782 S.W.2d 892, 895-96 (Tex. Crim. App. 1990):

 [A]dmissibility of evidence at the punishment phase of a non-capital felony
offense is a function of policy rather than relevancy. This is so because by
and large there are no [discrete] factual issues at the punishment stage. 
There are simply no distinct "fact[s] . . . of consequence" that proffered
evidence can be said to make more or less likely to exist. Rather,
"[d]eciding what punishment to assess is a normative process, not
intrinsically factbound." What evidence should be admitted to inform that
normative decision is not a question of logical relevance, but of policy.


(footnotes and citations omitted). We reject appellant's contention that the extraneous
offenses were too remote to be helpful to the jury in assessing punishment. 

 Appellant's last argument is that the extraneous offense evidence was more
prejudicial than probative. We interpret this as an invocation of Rule 403 of the Texas
Rules of Evidence, which provides that, although relevant, evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair prejudice. Rule 403
favors the admission of relevant evidence and carries a presumption that relevant evidence
will be more probative than prejudicial. Jones v. State, 944 S.W.2d 642, 652 (Tex. Crim.
App. 1996). The rule requires exclusion of evidence only when there exists a clear
disparity between the danger of unfair prejudice and the probative value of the evidence. 
Id. 

 Appellant does not say how the admission of the evidence was unfair, other than
contending the evidence showed the jury he was a "criminal in general." The evidence
did demonstrate a pattern of conduct. Evidence of defendant's prior assaults certainly had
a tendency to cause a jury to increase his punishment. But that was its legitimate purpose. 
The value of the extraneous offense evidence was in permitting the jury to tailor the
sentence to the defendant. The trial court's determination to admit the extraneous offense
evidence in question was within the "zone of reasonable disagreement." See Montgomery
v. State, 810 S.W.2d 372, 391-392 (Tex. Crim. App. 1991)(op. on reh'g). We see no
error in admitting the extraneous offense evidence under art. 37.07, sec. 3. Issues two and
three are overruled. 

 The judgment and the sentence of the trial court are affirmed.

 AFFIRMED.

 ___________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on September 23, 2003

Opinion Delivered January 14, 2004

Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.



CONCURRING OPINION


 Regretfully, I must only concur. Once again this court sees a case where a court
has failed to track the indictment in the application paragraph of a jury charge, yet the
majority finds no error. I believe this was error, see Bishop v. State, 914 S.W.2d 200,
202 (Tex. App.--Beaumont 1995, pet. ref'd), and we should have conducted an Almanza
harm analysis, as mentioned by the majority in their footnote one. See Chavis v. State,
807 S.W.2d 375, 378 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd).

 Upon such an analysis, the uncontested evidence was that Fowler and the victim
were not married. There is no evidence from which the jury could infer that they were
spouses. Fowler did not contest the issue either in his case in chief or in his jury argument. 
I would hold that Fowler was not so egregiously harmed that he did not receive a fair and
impartial trial.




 DON BURGESS

 Justice


Opinion Delivered

January 14, 2004

1. At trial, defendant objected generally to the charge as not comporting with the
allegations in the indictment. Some four days after the entry of judgment, defendant filed
written objections to the jury charge in which, for the first time, he specifically objected
to the jury charge as having failed to include the "not the spouse of the Defendant"
wording. A party must make a specific objection and obtain a ruling at the earliest
possible opportunity to preserve error for appellate review. See Wilson v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002). In the instant case, had we found jury charge
error, we would have conducted our Almanza harm analysis under an egregious harm
standard as appellant's trial objections were not specific, and his written post-trial
objections were not timely. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984) (op. on reh'g).