NO. 12-00-00220-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


LETICIA M. RAMIREZ,                                   §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW NO. 3 OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Leticia Mariaca Ramirez (“Appellant”) was charged by complaint and information with
misdemeanor theft. A jury found her guilty and assessed her punishment at 180 days of 
confinement, probated for two years, and a fine of $2000. On original submission, we reversed the
conviction, concluding that the correction of Appellant’s name in the complaint vitiated the
complaint, thereby rendering invalid the information based upon the complaint and divesting the trial
court of jurisdiction. Ramirez v. State, No. 12-00-00220-CR (Tex. App.–Tyler June 20, 2001, pet.
granted) (not designated for publication). In reaching our conclusion, we relied on Hess v. State, 953
S.W.2d 837, 840 (Tex. App.–Fort Worth 1997, pet. ref’d). The State filed a petition for
discretionary review challenging our holding. The court of criminal appeals granted review and held
that Appellant waived any assertion that the information was defective when she failed to object to
the information prior to trial. The court reversed and remanded to us for resolution of Appellant’s
remaining issues. Appellant raises two additional evidentiary issues. We affirm.

Background
             Appellant was arrested outside a Tyler grocery store in December 1999, accused of removing
groceries from the store without paying. She was charged by complaint and information with
misdemeanor theft.



            At trial, the grocery store’s loss and prevention officer, Joe Herrell, testified. He witnessed
Appellant in the grocery store with items in a grocery cart. She caught his attention because she was
going against the regular flow of traffic at the grocery store. Appellant approached the front of the
store and spoke with a cashier. She then sat down on a bench at the front of the store for a minute
to two minutes. Afterwards, she and the young boy who was with her left the store with the cart of
unpurchased items. Upon leaving the store, she took the cart around the outside corner of the store
and left it in a “cubbyhole” near the area where the grocery carts are stored. She then hurriedly got
into her car and began to drive off. Herrell stepped in front of the car and asked that she park the car
and return to the store. The prosecutor introduced a crime theft report that Herrell prepared on the
day of the incident. The trial judge admitted it over Appellant’s improper bolstering objections. 
            The State also called Johnny Smith, assistant store manager for the grocery store, and Tommy
Lewis, a City of Tyler police officer. Their testimonies simply verified Herrell’s testimony. The
State then rested.
            After the State rested, Appellant testified on her own behalf during the guilt/innocence phase
of trial. She indicated her eight-year-old grandson was with her at the store. She was wanting to buy
a piñata for her nephew’s birthday party. However, upon learning the price charged for the piñatas,
she decided they were too expensive. Appellant then took her grandson by the hand and left the
store, without ever using a grocery cart at any time. When the State cross-examined Appellant, it
introduced records of two prior theft convictions. The trial court admitted them over Appellant’s
objections to improper impeachment.  

Improper Bolstering
            In her third issue, Appellant asserts the trial court erred by allowing the State to introduce
the “crime theft report” prepared by Herrell, contending it constitutes improper bolstering.
Standard of Review 
            We review the trial court’s decision to admit or exclude evidence under an abuse of
discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). An abuse of
discretion occurs when the trial court acts without reference to any guiding rules and principles or
acts arbitrarily or unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1990). In determining whether a trial court abused its discretion, we review the trial court’s ruling
in light of what was before the trial court at the time the ruling was made. Hoyos v. State, 982
S.W.2d 419, 422 (Tex. Crim. App. 1998). This standard requires an appellate court to uphold a trial
court’s admissibility decisions when they are within the zone of reasonable disagreement. 
Montgomery, 810 S.W.2d at 391 (op. on reh’g). 
Applicable Law and Analysis
            Bolstering occurs when the proponent offers evidence solely to convince the fact-finder that
a particular witness or source of evidence is worthy of credit when the credibility of that witness or
source has not been attacked. Cohn v. State, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993). 
Bolstering does not occur when evidence or a source of evidence corroborates other evidence and
is also relevant, i.e., when it contributes substantively “to make the existence of [a] fact that is of
consequence to the determination of the action more or less probable than it would be without the
evidence.” Id. Evidence may not be excluded as bolstering simply because it corroborates other
testimony. See id. at 820. Further, the witness need not have been impeached as a prerequisite to
the admission of substantive evidence that might have the effect of incidentally bolstering other
testimony. Id. at 820-21 (rejecting reliance on rule 403 of the Rules of Evidence as requiring
impeachment predicate); Yount v. State, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (rejecting
reliance on rule 702 as requiring impeaching predicate).
            In the instant case, the State attempted to introduce the crime theft report prepared by Herrell
while Herrell was on the witness stand. The trial judge required the State to lay a proper predicate
to introduce the report as a business record. Appellant objected based on improper hearsay and
bolstering. The trial judge found the report to fall within the business record exception to the hearsay
rule, overruled the objections, and admitted it. This report was not included as part of the appellate
record. However, Appellant asked only four direct questions pertaining to the crime theft report. 
Appellant’s counsel, through those questions, was able to show some minor contradictions between
the report and Herrell’s testimony from the witness stand at trial. At most, the report merely
corroborated the testimony of Herrell. As such, it does not constitute improper bolstering. We
overrule Appellant’s third issue.

Prior Convictions
            In her fourth issue, Appellant asserts the trial court erred in allowing the State to introduce
copies of prior convictions for impeachment purposes after Appellant admitted to the offenses on
cross-examination.
Applicable Law and Analysis
            The general rule is that a witness, by testifying, places her credibility in issue, and the
opposing party may seek to impeach that credibility by proof that the witness has been convicted
previously of any felony offense, or a misdemeanor involving moral turpitude. See Taylor v. State,
612 S.W.2d 566, 572 (Tex. Crim. App. 1981). It is well established that theft involves moral
turpitude. Robertson v. State, 685 S.W.2d 488, 492 (Tex. App.–Fort Worth 1985, no pet.). 
            Evidence that a witness has been convicted of a crime shall be admitted if elicited from the
witness or established by public record for the purpose of attacking the credibility of a witness. Tex.
R. Evid. 609. The evidence may be admitted if the court determines that the probative value of
admitting the evidence outweighs its prejudicial effect. Id. In balancing probative value and unfair
prejudice, an appellate court presumes that the probative value will outweigh any prejudicial effect. 
Montgomery, 810 S.W.2d at 389 (op. on reh’g). It is, therefore, the objecting party’s burden to show
that the probative value is substantially outweighed by the danger of unfair prejudice. Poole v. State,
974 S.W.2d 892, 897 (Tex. App.–Austin 1998, pet. ref’d). When a court overrules the objection,
Montgomery does not require it to perform the balancing test in a formal hearing on the record. See
Yates v. State, 941 S.W.2d 357, 367 (Tex. App.–Waco 1997, pet. ref’d).
            At trial, the State asked Appellant if she had been convicted of theft previously. She
admitted to a prior theft conviction, but stated that she did not actually commit the crime. The State
then showed records to Appellant revealing that she had been convicted of two thefts, one in 1990
and the other in 1993. She conceded her signature appeared on both the theft conviction records. 
The State offered the exhibits into evidence. Appellant’s counsel objected based on improper
impeachment, but the trial judge overruled it and admitted the exhibits. Appellant continued to
assert she did not commit the thefts. 
            Appellant seems to assert on appeal that Rule 609


 of the Texas Rules of Evidence allows
introduction of the prior conviction records only if Appellant did not admit to the prior convictions. 
 She contends that since she admitted to the convictions, introduction of the conviction records was
improper. However, there is nothing in the language of Rule 609 that supports this assertion. 
Appellant testified on her own behalf and put her credibility at issue. Since Appellant’s prior
convictions involved moral turpitude, the State was free to introduce evidence of the theft
convictions under Rule 609. See Taylor, 612 S.W.2d at 572. Further, when a witness makes
statements concerning past conduct that create a false impression of law-abiding behavior, she
“opens the door,” and opposing counsel may expose the false impression. See Prescott v. State, 744
S.W.2d 128, 131 (Tex. Crim. App. 1988). Although Appellant admitted to the prior convictions,
she opened the door to further exposure when she maintained she did not commit the thefts. 
Consequently, we conclude that the trial court’s decision to admit Appellant’s records of prior
convictions was not an abuse of discretion. We overrule Appellant’s fourth issue. 

Conclusion
            Having overruled both of Appellant’s remaining issues, the trial court’s judgment is
affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered June 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




(DO NOT PUBLISH)