Larry **MILLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40061.

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Rehearing Denied April 5, 1967.

Al Clyde, Ft. Worth, for appellant.

Alton R. Griffin, Dist. Atty., Roy L. Merrill, Asst. Dist. Atty., Lubbock, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for embezzlement; the punishment, six years.

Trial was before a jury, upon appellant's plea of guilty.

Notice of appeal was given on April 27, 1966.

At the trial, the state first introduced evidence to show appellant's guilt of the offense charged. At the conclusion of the testimony the jury was instructed by the court to retire and return a verdict finding appellant guilty but not to assess punishment at that time.

Following return of the jury's verdict of guilty, appellant elected and requested that the same jury assess the punishment.

Thereupon, the state and appellant offered evidence bearing on the question of punishment.

The jury then retired and returned its verdict assessing appellant's punishment at six years' confinement in the penitentiary.

Two grounds of error are presented by appellant in his brief filed in the trial court.

He first contends that his conviction cannot stand because the state failed to prove the offense of embezzlement. In this connection, it is urged that the state failed to establish the corporate existence of the company from which the money was alleged to have been embezzled.

We need not pass upon the sufficiency of the evidence to prove the offense, in view of appellant's plea of guilty before a jury in the case.

■ It is the established rule that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the state is for the jury's benefit in fixing punishment. Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460.

■ The requirement in Art. 1.15 of the Vernon's Ann. 1965 Code of Criminal Procedure that evidence be offered by the state showing the guilt of a defendant is applicable only in those cases where the defendant, upon entering a plea of guilty in a felony case less than capital, waives his right of a trial by jury.

Appellant next contends that reversible error was committed in the trial by use of the alternate procedure provided in Art. 37.07 of the 1965 Code of Criminal Procedure in determining his guilt and the punishment to be assessed. Rojas v. State, Tex.Cr.App., 404 S.W.2d 30, is relied upon in support of the contention.

■ While in Rojas it was recognized that where there is a plea of guilty before the jury Art. 37.07, supra, is not applicable and no reason or necessity exists for a separate trial as to punishment, the fact that a separate hearing was held in the present case does not present reversible error. No objection was made by appellant to the manner in which his guilt and punishment were determined by the jury in the two separate hearings. Further, after return of the jury's verdict of guilty, appel-

lant elected, in writing, to have the same jury assess the punishment. Clearly, he waived his right to have his guilt adjudicated and punishment assessed by the jury in one hearing. The contention is overruled.

The judgment is affirmed.