**William NEWHOUSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40746.**

Court of Criminal Appeals of Texas.

Nov. 15, 1967.

Don Leonard, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock and Gordon Gray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is murder; the punishment, ninety-nine years.

The evidence was undisputed that appellant killed the deceased by stabbing her with a knife.

The killing occurred about 9 a.m. inside a café known as Mae's Place, in the city of Fort Worth. According to the state's eye witness, the appellant walked over to a table where the deceased was seated and started stabbing her with a knife. Upon being asked to leave, appellant walked to the front door and as he started out he said to the deceased: "I told you I would kill you."

Appellant then left the scene and went to the police station at the city hall, where he walked into the office of Lieutenant S. D. Pruitt, about 9:20 p.m., and told the officer "he had cut up his girl friend real bad." Officer Pruitt asked "how bad?" and appellant replied: "pretty bad * * *." When the officer inquired if she was dead, appellant said "she wasn't when I left but she was cut up pretty bad. I stabbed her seven or eight times." In the conversation appellant told the officer he had cut the deceased with a pocket knife which he borrowed from a man at the café; that he first borrowed a smaller knife and gave it back because he needed a larger one. Appellant also told Officer Pruitt that the reason he wanted to surrender to him was because he knew the officer was his friend and he would not hurt him.

Officer Pruitt testified that at the time appellant came to the police station he did not know anything about the killing and that it was not until after the conversation and he had confirmed the stabbing by radio that he placed appellant under arrest. At such time he warned appellant that anything he said could be used against him.

At the trial, appellant testified, in substance, that he cut and stabbed the deceased in self-defense when she produced a pistol from her bosom.

In his ground of error No. III, appellant urges that:

"The court committed reversible error by allowing the oral confession of the appellant to be admitted over the exception of his counsel without the warning required by Art. 15.17, C.C.P., 1965, and without the oral statement reduced to writing as required by Art. 38.22, C.C.P., 1965."

We find no merit in the contention, as the record is undisputed that the oral statements were made by appellant to Officer Pruitt prior to his arrest and being taken into custody.

The requirements of Articles 15.17, supra, and 38.22, supra, as to the warnings necessary to the making of a written confession were not applicable under the facts.

Nor was appellant's oral confession inadmissible under the decision of the Supreme Court of the United States in the case of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In that case, Chief Justice Warren, speaking for the court, said:

"In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their ad-

missibility is not affected by our holding today."

The ground of error is overruled.

In his ground of error No. I, appellant complains of certain jury argument of state's counsel.

The record does not contain a transcription of the jury arguments in the case.

Appellant presented to the trial court his formal bill of exception No. 1, which alleged that in his opening argument to the jury counsel for the state said:

"The only reason the defendant did this was because Elva Mae Culton had got herself a better man."

The bill, as presented, recited that appellant timely objected to such argument on the ground that the same was manifestly improper, that it injected new facts into the case, that there was no evidence to support such argument, that he moved the court to instruct the jury not to consider the same, and that the court overruled the objections and refused to so instruct the jury.

The trial court refused to approve the bill:

"* * * for the reason that if such statement was made by the District Attorney, the Court's attention was not called to the matter by a written request at the time, and the Court does not recall that the language complained of was used; however, if such language was used it was a fair comment upon the testimony."

Thereafter, appellant filed a purported bystanders bill, which was attested by only one bystander.

Under the record, appellant's complaint to the jury argument is not before us for review, as his bill of exception No. 1 was refused by the court and his bystanders bill is attested by only one bystander. Rule 372 of Texas Rules of

**732**

Civil Procedure requires that a bystanders bill be attested by at least three bystanders. Such rule governs the preparation of bills of exception in criminal cases. Arts. 36.20 and 40.10, Vernon's Ann.C.C.P.

■ We observe that if such argument was before us for review, it was a reasonable deduction from the evidence in view of the testimony given at the trial by the witness Joe Lewis Walker, who was the deceased's brother.

Walker testified that on the day of the killing, the appellant and the deceased had an argument and

"He was accusing her of Mae's husband and he said that he was coming over to tell, to kill Irey, and then he said he was going to tell him off and tell him to stay out of his business."

Appellant's remaining ground of error No. II reads as follows:

"The conviction should be reversed on the ground that the final arguments of state's attorney were not recorded; thus not reviewable by this court, and thereby denying appellant full judicial review of a most critical part of the state's case."

■ In his brief, appellant concedes that the record does not show that a request was made for the recordation of the arguments but insists that Art. 2324, Vernon's Ann.Civ.St., should, in capital cases, be held to require the jury arguments be recorded, and the failure to have such a record constitutes a denial of due process under the Fourteenth Amendment to the Constitution of the United States and Art. 1, Sec. 19, of the Constitution, Vernon's Ann.St. of this State.

Art. 2324, supra, provides that the official court reporter shall "take full shorthand notes of closing arguments when requested to do so by the attorney for any party to such case."

Art. 40.09, subd. 4, V.A.C.C.P., provides:

"At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments."

In the absence of a request, appellant is in no position to complain of the court reporter's failure to take shorthand notes of the final arguments and to include a transcription of the same in the record on appeal. Moore v. State, Tex.Cr.App., 363 S.W.2d 477, relied upon by appellant, is not here controlling, because, in that case, a request was timely and properly made that the court reporter take shorthand notes of the closing arguments and the request was refused. The ground of error is overruled.

The judgment is affirmed.