Louis James BENDAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 41314.

Court of Criminal Appeals of Texas.

June 12, 1968.

Rehearing Denied July 24, 1968.

D. B. Mason, Don Metcalfe, Dallas, (on appeal only by appointment), for appellant.

Henry Wade, Dist. Atty., Jim Ramsey, Douglas Mulder, Malcolm Dade, Kerry P. FitzGerald and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

DICE, Judge.

The conviction is for robbery; the punishment, twelve years.

Trial was before a jury, upon appellant's plea of guilty.

At the trial the injured party testified that on the date alleged the appellant did by assault and violence take from his person and possession and without his consent the sum of $47 in money.

Appellant, as a witness in his own behalf, admitted having committed the robbery but swore that he only took $5 in money from the injured party.

Appellant also gave testimony in support of his application for probation, which the jury refused to recommend in their verdict.

One ground of error is urged by appellant in his brief filed with the clerk of the trial court—which is that the court erred in permitting Officer Benefield to relate a statement made by appellant while under arrest when he had not been advised of his constitutional rights to remain silent. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, by the Supreme Court of the United States, is cited and relied upon by appellant in support of his contention.

The ground of error is predicated upon the court's action in permitting Officer Benefield to testify that when he went to appellant's home and asked him if he committed the robbery the appellant replied that he did not and that "he didn't know anything about it." It was shown by both the voir dire and direct examination of the officer that at the time appellant made the statement to him he was not under arrest nor had he been warned of his constitutional rights. Later he was placed under arrest and warned.

Under the facts, Miranda v. State of Arizona, supra, is not applicable, as it appears that the statements made by appellant to the officer were not given as the result of custodial interrogation while under arrest. Newhouse v. State, Tex.Cr. App., 420 S.W.2d 729.

If, as contended by appellant, Miranda v. State of Arizona were applicable, there was no injury to appellant, as his statement was purely exculpatory.

Appellant's plea of guilty was an admission of all facts necessary to estab-

**508**

lish his guilt, and the evidence offered by the state was for the jury's benefit in fixing punishment. Miller v. State, Tex.Cr. App., 412 S.W.2d 650. We do not agree that the admission in evidence of appellant's exculpatory statements would prejudice the jury against him in fixing the punishment.

Further, in his own testimony, appellant testified without objection on cross-examination that in his conversation with the officer he denied knowing anything about the robbery. Having testified to substantially the same facts, appellant is in no position to urge as reversible error the admission of Officer Benefield's testimony. McFarlane v. State, 160 Tex.Cr.R. 340, 269 S.W.2d 389; Duhart v. State, 167 Tex.Cr. R. 150, 319 S.W.2d 109.

The ground of error is overruled.

The judgment is affirmed.

## CONCURRING OPINION

ONION, Judge.

I concur in the results reached by the majority, but I must take exception to that portion of the majority's opinion which reads:

"If, as contended by appellant, Miranda v. State of Arizona were applicable, there was no injury to appellant, as his statement was purely exculpatory."

Miranda teaches that "[t]he privilege against self-incrimination protects the individual from being compelled to incriminate himself in any manner; it does not distinguish degrees of incrimination. Similarly, for precisely the same reason, no distinction may be drawn between inculpatory statements and statements alleged to be merely 'exculpatory.' If a statement made were in fact truly exculpatory it would, of course, never be used by the prosecution. In fact, statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial or to demonstrate untruths in the statement giv-

en under interrogation and thus to prove guilt by implication. These statements are incriminating in any meaningful sense of the word and may not be used without the full warnings and effective waiver required for any other statement." See also Terry v. State, Tex.Cr.App., 420 S.W.2d 945.

MORRISON, J., joins in this concurrence.