**Ernest SCHREINER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45276.**

Court of Criminal Appeals of Texas.

April 12, 1972.

Brian A. Carper, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., T. J. Haire, Jr., Michael R. Thomas and Roger Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder without malice under the provisions of Article 802c, Vernon's Ann.P.C.; the punishment, three and one-half years imprisonment.

The appellant's first two grounds of error challenge the sufficiency of the evidence.

The record reveals that the appelant voluntarily and understandingly entered a plea of guilty before a jury.[1]

█ In view of the appellant's plea of guilty before a jury in this case we need not pass upon the sufficiency of the evidence to prove the offense.

█ It is the established rule that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and in such cases the introduction of testimony by the State is for the jury's benefit in fixing punishment. Miller v. State, 412 S.W.2d 650 (Tex.Cr.App.1967); Darden v. State, 430 S.W.2d 494 (Tex.Cr.App.1968); Durham v. State, 466 S.W.2d 758 (Tex.Cr.App.1971) and

1. No question of indigency is raised. Appellant was represented by retained counsel of his choice on the trial of the case and on appeal.

Graham v. State, 466 S.W.2d 587 (Tex.Cr. App.1971).

 The appellant's third ground of error is that the "trial court erred in permitting the State's attorney to inquire of the defendant at the penalty stage [2] as to a misdemeanor conviction in California in 1948, for the reason that said conviction is too remote in time."

There is no limitation by reason of remoteness on prior convictions offered to show the prior criminal record of the defendant. Rose v. State, 470 S.W.2d 198 (Tex.Cr.App.1971); Martin v. State, 463 S.W.2d 449 (Tex.Cr.App.1971) and Ingram v. State, 426 S.W.2d 877 (Tex.Cr.App. 1968).

 The appellant's final ground of error urges that the prosecutor committed fundamental, reversible error in his closing argument. The remarks complained of are as follow:

"You can sure show the rest of the people in Tarrant County what you think about it. I know what I think about it. I say that five years is really too little time. I say probation should be out of the question. . . . I say this man needs to be punished."

The error, if any, was not such that it could not have been cured. The record reflects that no objection was made and there was no request that the jury be instructed not to consider the argument. This court is not inclined to grant a new trial where the error could have been alleviated by curative instructions and the record reflects no request therefor. Blassingame v. State, Tex.Cr.App., 477 S.W.2d 600.

The judgment is affirmed.

Opinion approved by the Court.

2. It would have been unnecessary to hold a bifurcated trial where the appellant pled guilty before a jury, but it was not error to hold a bifurcated trial where no objection was made. See Miller v. State, 412 S.W.2d 650 (Tex.Cr.App.1967) and Allen v. State, 474 S.W.2d 480 (Tex.Cr. App.1971).