Dwight CONROY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00097–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1992.

Kirk Oncken, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before MIRABEL, DUGGAN and DUNN, JJ.

## OPINION

MIRABEL, Justice.

A jury found appellant guilty of the offense of unauthorized use of a motor vehicle. The jury found the allegations in one enhancement paragraph true, and assessed punishment at 20–years confinement and a $5,000 fine. We affirm.

In his sole point of error, appellant asserts:

The trial court erred by entering a plea of not guilty on behalf of appellant when appellant insisted upon entering a plea of guilty before the jury *because this procedure resulted in the failure of appellant to join issue with the state in the presence of the jury.*

(Emphasis added.) The relevant facts follow.

The court asked the prosecutor to arraign appellant outside the presence of the jury. The prosecutor then read the indictment outside the presence of the jury, and the court asked appellant for his plea. Appellant answered "not guilty" and both sides announced ready for trial.

Three minutes later, the jury was brought to the courtroom and sworn. The following then occurred:

The court (to the prosecutor): Will you please present the indictment to the jury?

The prosecutor: Certainly, Your Honor. (indictment read).

The court: To which indictment—

Appellant's counsel: Judge, at this time the defendant wishes to change his plea. Defendant wishes to plead guilty, judge.

The court: All right. Members of the jury, please go with my bailiff. Step back in the jury room for a few minutes.

Proceedings were then held off the record. Before the jury was brought back into the courtroom, the following occurred on the record:

Appellant's counsel: On the record please. Am I correct in paraphrasing the judge's ruling, you're not going to allow him to change his plea from not guilty when he was arraigned outside the presence of the jury to guilty when he was arraigned in front of the jury?

The court: That's correct.

Appellant's counsel: Well, for the record, we indicated in front of the jury, after we were arraigned, that we intended to enter a plea of guilty, and we did enter a plea of guilty. I mean it doesn't have any effect on what happens.

The court: It does. I am not going to instruct the jury to find him guilty. I am going to instruct the jury he entered a plea of not guilty and that they can do whatever they want to, either find him not guilty or guilty, but I am not going to allow him to change his plea now from not guilty to guilty.

.        .        .        .        .

Appellant's counsel: On the record at this time the Defense asks the court, according to the defendant's plea of guilty in front of the jury, to charge the jury that the defendant has entered a plea of guilty to the primary offense of unauthorized use of a motor vehicle and to find him guilty of that offense. The Defense submits that because of his plea of guilty in front of the jury the case is no longer a bifurcated case, it is a case of punishment, and that the case should now proceed to punishment stage of the

trial after the jury has been instructed to return a verdict of guilty at the guilt/innocence stage. That's what we request the court to do.

The court: Denied.

The jury was then brought back into the courtroom. The following then occurred:

The court: Members of the jury, I asked [the prosecutor] to present the indictment to you. To that indictment, the defendant has already entered a plea of not guilty.

Appellant's counsel: Judge, at this time the defendant wishes to enter another plea.

Appellant: Of guilty to the offense.

The court: I am not going to allow you to change your plea from not guilty to guilty.

The court then allowed the prosecutor to proceed with his opening statement.

Appellant asserts that "issue was never joined between the State and appellant in front of the jury as required by the statutory provisions and caselaw of this State," and therefore that "automatic reversible error" exists. Appellant relies upon *Peltier v. State*, 626 S.W.2d 30 (Tex.Crim.App. [Panel Op.] 1981), and *Essary v. State*, 53 Tex.Cr. 596, 111 S.W. 927 (Tex.Crim.App. 1908), to support his contention.

In *Peltier*, the indictment was not read to the jury, and the court held that "until the indictment is read and a plea is entered the issue is not joined between the State and the accused before the jury." 626 S.W.2d at 31. *See also Essary*, 111 S.W. at 930. Appellant does not contend that the indictment was not read before the jury, and the record clearly demonstrates that it was. Rather, appellant argues that, since he never entered a plea of not guilty *in front of the jury*, then issue was not joined. We hold, however, that appellant *did* enter a plea in front of the jury—a plea of not guilty which fixed upon the State the burden of proving appellant's guilty beyond a reasonable doubt.

The proper procedure is set out in article 36.01 of the Code of Criminal Procedure:

(a) A jury being impaneled in any criminal action ... the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting....

2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.

TEX.CODE CRIM.P.ANN. art. 36.01(a)(1), (2) (Vernon Supp.1993).

Here, appellant originally relied upon a plea of not guilty. This was stated to the jury, as required by article 36.01, on several occasions. First, appellant's counsel told the court in front of the jury that "the *defendant wishes to change his plea. Defendant wishes to plead guilty, judge.*" Because these statements informed the jury that appellant wanted to change his plea to guilty, it could hardly be said that they did not also inform the jury that appellant had *already* pled *not guilty.*

The court also conveyed this message to the jury when it told the jury that, "To that indictment, the defendant has already entered a plea of not guilty." The court also told appellant, in front of the jury, "I am not going to allow you to change your plea from not guilty to guilty."

A trial court is not to accept a plea of guilty unless it appears the plea is free and voluntary and the defendant is mentally competent. TEX.CODE CRIM.P.ANN. art. 26.13(b) (Vernon 1989). The trial court's refusal to allow the plea to be changed to "guilty" within minutes after appellant had pled "not guilty" indicates the trial court had doubts about the plea. Rather than harming appellant, the trial court's refusal to allow the plea to be changed may well have conveyed to the jury the message that the court believed a proper plea was one of "not guilty" because the court doubted appellant's guilt.

We conclude that article 36.01 was complied with here, and "issue was joined."

We overrule appellant's point of error and affirm the judgment of the trial court.