ACCEPTED
12-15-00107-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/23/2015 12:03:06 PM
Pam Estes
CLERK

CAUSE NUMBER 12-15-00107-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/23/2015 12:03:06 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS FOR THE

TWELFTH APPELLATE DISTRICT OF TEXAS

AT TYLER

CHRISTOPHER RAY OLIVAREZ

VS.

THE STATE OF TEXAS

CAUSE NUMBER 31,900

IN THE 3RD JUDICIAL DISTRICT COURT

ANDERSON COUNTY, TEXAS

## APPELLANT'S BRIEF

Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:  903-723-0269
Email:      cmcfall@mcfall-law-office.com
Counsel for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellant

provides a complete list of all parties and the names and addresses of Counsel:

Defendant                          Christopher Ray Olivarez
and Appellant:

Defendant's Trial                  Colin D. McFall
and Appellate Counsel:             Attorney at Law
                                   513 North Church Street
                                   Palestine, Texas 75801-2965
                                   Telephone:  903-723-1923
                                   Facsimile:  903-723-0269

State's Trial                      Scott Holden
and Appellate Counsel:             Anderson County District Attorney's Office
                                   500 North Church Street, Suite 38
                                   Palestine, Texas 75801
                                   Telephone:  903-723-7400
                                   Facsimile:  903-723-7818

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL...........................................................2

TABLE OF CONTENTS..........................................................................3

INDEX OF AUTHORITIES......................................................................4

STATEMENT OF THE CASE....................................................................5

STATEMENT REGARDING ORAL ARGUMENT............................................7

ISSUE PRESENTED

    I.      THE APPELLATE COURT SHOULD ALLOW COUNSEL, UPON

           MAKING THE DETERMINATION THERE WAS NO ERROR IN

           THE TRIAL COURT, TO WITHDRAW AND APPELLANT

           ALLOWED A REASONABLE TIME TO FILE A PRO SE

           BRIEF............................................................................8

STATEMENT OF FACTS........................................................................9

SUMMARY OF THE ARGUMENT..........................................................11

ARGUMENT.....................................................................................13

PRAYER...........................................................................................15

CERTIFICATE OF COMPLIANCE.........................................................16

CERTIFICATE OF SERVICE.................................................................17

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

UNITED STATES

Anders v. California, 386 U.S. 738, 1967..................................................14

TEXAS

Harvey v. State, 611 S.W.2d 108, 111 (Tex.Cr.App.1981).....................14

Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App.1984)................14

Miller v. State, 412 S.W.2d 650 (Tex.Crim.App.196).........................13

RULES AND STATUTES                                                       PAGE

TEXAS HEALTH AND SAFETY CODE

Section 481.112(c), Texas Health and Safety Code...........................13

TEXAS PENAL CODE

Section 12.32, Texas Penal Code...............................................14

TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i) (3), Texas Rules of Appellate Procedure...........................16

Rule 38.1(a), Texas Rules of Appellate Procedure.............................2

Rule 38.1(e), Texas Rules of Appellate Procedure.............................7

## STATEMENT OF THE CASE

On the 18th day of September 2014, an Anderson County Grand Jury returned a single count Indictment, charging Appellant with Manufacture or Delivery of Substance In Penalty Group I, one gram or more but less than four grams, in a drug free zone. (C.R., Vol. 1, Pg. 5).

On the 17th day of March 2015, Appellant plead guilty to the single count of Manufacture or Delivery of Substance In Penalty Group I, one gram or more but less than four grams. (R.R., Vol. 3, Pg. 50, L. 23). In addition, Appellant plead True (R.R., Vol. 3, Pg. 120, L. 23), to a single enhancement paragraph contained within the State's Notice of Enhancement Paragraphs to be Submitted to Fact Finder at Punishment. (C.R., Vol. 1, Pg. 37). However, in exchange for the pleas of guilty and true, the state abandoned the drug free zone enhancement. (R.R., Vol. 3, Pg. 47, L. 2). The parties selected a jury and engaged in a contested sentencing hearing.

On the 18th day of March 2015, the Jury assessed Appellant's punishment at twenty-five (25) years confinement within the Institutional Division of the Texas Department of Criminal Justice. (R.R., Vol. 4, Pg. 81, L. 23).

On the 18th day of March, Appellant filed the Trial Court's Certificate of

Defendant's Right of Appeal. (C.R., Vol. 1, Pg. 49). On the 17th day of April 2015, Appellant filed a Notice of Appeal. (C.R., Vol. 1, Pg. 75), Request for the Clerk's Record and Designation of Matters for Inclusion (C.R., Vol. 1, Pg. 62), Request for the Reporter's Record (C.R., Vol. 1, Pg. 66), Defendant's Motion for New Trial (C.R., Vol. 1, Pg. 68), and Appellant filed Defendant's Motion for a Free Reporter's Record on Appeal (C.R., Vol. 1, Pg. 71).

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to *Rule 38.1 (e)*, Texas Rules of Appellate Procedure, Appellant

provides the following Statement Regarding Oral Argument

Appellant does not request Oral Argument.

## ISSUE PRESENTED

THE APPELLATE COURT SHOULD ALLOW COUNSEL, UPON MAKING THE DETERMINATION THERE WAS NO ERROR IN THE TRIAL COURT, TO WITHDRAW AND APPELLANT ALLOWED A REASONABLE TIME TO FILE A PRO SE BRIEF.

## STATEMENT OF FACTS

On or about the 5th day of July 2014 (R.R., Vol. 3, Pg. 127, L. 4), Corporal Ricki Baker (R.R., Vol. 3, Pg. 125, L. 9) and Officer Justin Blanks (R.R., Vol. 3, Pg. 129, L. 15) of the Palestine Police Department (R.R., Vol. 3, Pg. 125, L. 9), received information from a confidential informant that he would be traveling eastbound on Palestine Avenue towards Executive Inn & Suites in a gray Pontiac G6 with Appellant as the passenger (R.R., Vol. 3, Pg. 128, L. 6), who would be transporting methamphetamine (R.R., Vol. 4, Pg. 5, L. 11) and have a shotgun with him. (R.R., Vol. 3, Pg. 148, L. 5).

Corporal Ricki Baker and Officer Justin Blanks observed the grey Pontiac G6 traveling eastbound on East Palestine Avenue and pulled in behind the vehicle (R.R., Vol. 3, Pg. 130, L. 24) and performed a traffic stop (R.R., Vol. 3, Pg. 132, L. 23) on a Pontiac G6 (R.R., Vol. 3, Pg. 131, L. 17) upon observing no rear license plate (R.R., Vol. 3, Pg. 130, L. 24). The vehicle was driven by Marcus Howard (R.R., Vol. 3, Pg. 131, L. 17). Appellant was the passenger in the vehicle. (R.R., Vol. 3, Pg. 135, L. 5). On approach, Corporal Ricki Baker observed a full size shotgun (R.R., Vol. 3, Pg. 135, L. 7) in the vehicle. Officers immediately detained (R.R., Vol. 3, Pg. 136, L. 15) both occupants of the vehicle. Corporal Ricki Baker

requested and received consent to search the vehicle from Marcus Howard. (R.R., Vol. 3, Pg. 137, L. 6). A digital scale (R.R., Vol. 3, Pg. 138, L. 20) was found in a tool bag (R.R., Vol. 3, Pg. 137, L. 11) in the passenger side (R.R., Vol. 3, Pg. 137, L. 9) floorboard (R.R., Vol. 3, Pg. 137, L. 11), and two bags of marijuana and one bag of methamphetamine, weighing approximately four grams (R.R., Vol. 4, Pg. 16, L. 13), were found in the glove compartment. (R.R., Vol. 3, Pg. 138, L. 15). Appellant claimed the tool bag with the scale inside. (R.R., Vol. 3, Pg. 148, L. 9), but denied knowledge of the narcotics (R.R., Vol. 3, Pg. 150, L. 10).

## SUMMARY OF THE ARGUMENT

THE APPELLATE COURT SHOULD ALLOW

COUNSEL, UPON MAKING THE DETERMINATION

THERE WAS NO ERROR IN THE TRIAL COURT, TO

WITHDRAW AND APPELLANT ALLOWED A

REASONABLE TIME TO FILE A PRO SE BRIEF.

Counsel has undertaken a careful scrutiny of the Reporter's Record and the Clerk's Record. Counsel is unable toidentify an arguable basis for appeal.

A plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt. Appellant plead guiltyto Manufacture or Delivery of Substance In Penalty Group I, one gram or more but less than four grams a second degree felony. Appellant's plea of guilty was before a jury. Therefore, Appellant admitted to all of the facts necessary for the jury to establish his guilt.

An appeal, based upon an argument that the Trial Court abused its discretion in finding Appellant guilty, is frivolous.

Appellant also plead true to an enhancement paragraph. If, an Appellant pleads true to an enhancement paragraph, the State's burden of proof is satisfied.

In addition, the jury assessed punishment within the range of punishment. Generally, the Appellate Court will not disturb a penalty assessed within the range of punishment.

For the above stated reasons, an appeal, based upon the argument that the Trial Court abused its discretion in sentencing Appellant, is frivolous.

Counsel has made a full and careful review of all matters in the instant cause and cannot find any reasonable point of error to legitimately raise for purposes of appeal. As a result, Counsel has filed the instant Anders Brief.

# ARGUMENT

## THE APPELLATE COURT SHOULD ALLOW COUNSEL, UPON MAKING THE DETERMINATION THERE WAS NO ERROR IN THE TRIAL COURT, TO WITHDRAW AND APPELLANT ALLOWED A REASONABLE TIME TO FILE A PRO SE BRIEF.

Counsel has undertaken a conscientious examination of the Reporter's Record and the Clerk's Record. Counsel is unable to indentify an arguable basis for appeal.

It is the established rule that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt *Miller v. State*, 412 S.W.2d 650 (Tex.Crim.App.196).

Appellant plead guilty (R.R., Vol. 3, Pg. 50, L. 23), to Manufacture or Delivery of Substance In Penalty Group I, one gram or more but less than four grams (R.R., Vol. 3, Pg. 50, L. 23), a second degree felony. *Section 481.112(c)*, Texas Health and Safety Code. Appellant's plea of guilty to the felony charge was before a jury. (R.R., Vol. 3, Pg. 120, L. 10). Therefore, Appellant admitted to all of the facts necessary for the jury to establish his guilt.

For the above stated reasons, an appeal, based upon an argument that the Trial Court abused its discretion in finding Appellant guilty, is frivolous.

Appellant also plead true (R.R., Vol. 3, Pg. 120, L. 23), to a single enhancement paragraph contained within the State's Notice of Enhancement Paragraphs to be Submitted to Fact Finder at Punishment. (C.R., Vol. 1, Pg. 37).

If, an Appellant pleads true to an enhancement paragraph, the State's burden of proof is satisfied. The plea of true is sufficient proof. *Harvey v. State,* 611 S.W.2d 108, 111 (Tex.Cr.App.1981). Furthermore, the jury assessed punishment within the range authorized by the legislature for a First Degree Felony. *Section 12.32,* Texas Penal Code. Generally, the Appellate Court will not disturb a penalty assessed within the range of punishment. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App.1984).

For the above stated reasons, an appeal, based upon the argument that the Trial Court abused its discretion in sentencing Appellant, is frivolous.

Counsel has made a full and careful review of all matters in the instant cause and cannot find any reasonable point of error to legitimately raise for purposes of appeal. As a result, Counsel has filed the instant Anders Brief. *Anders v. California,* 386 U.S. 738, 1967.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Counsel prays the Court accept the instant Anders Brief, grant Counsel's Motion to Withdraw, and allow Appellant a reasonable amount of time to file a Pro Se Brief.

## CERTIFICATE OF COMPLIANCE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, pursuant to *Rule 9.4(i)(3)*, Texas Rules of Appellate Procedure, hereby certify the number of words within Appellant's Brief at one thousand eight hundred ninety five (1,895).

11-23-2015

## CERTIFICATE OF SERVICE

I, Colin D. McFall, Appellate Attorney of Record for the above styled Appellant, hereby certify service of a true and correct copy of the above and foregoing document, with an explanation that he is entitled, to review the record, and, if he so feels fit, to file a Pro Se Brief on his own behalf, at Hutchins Unit, 1500 East Langdon Road, Dallas, Texas 75241, by first class mail, on the 23rd day of November 2014.

Counsel also certifies service of a true and correct copy of the above and foregoing document upon Scott Holden, First Assistant, Anderson County Criminal District Attorney, by email delivery, to sholden@co.anderson.tx.us, on the 23rd day of November 2015.

RESPECTFULLY SUBMITTED,

COLIN D. MCFALL
Assistant Criminal District Attorney
Texas Bar Number:        24027498

Anderson County Courthouse
500 North Church Street, Suite 38
Palestine, Texas 75801
Telephone:  903-723-7400
Facsimile:   903-723-7818