

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00068-CR

JOHNNY EUGENE RAY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27569

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

When the County Court of Lamar County revoked Johnny Eugene Ray, Jr.'s misdemeanor probation,[1] it ordered Ray to surrender to the Lamar County jail by 9:00 a.m. on the following Monday, October 16, 2017, to begin serving his ninety-day sentence. After Ray failed to surrender, he was arrested on October 27, 2017. As a result of Ray's failure to surrender as ordered by the county court, Ray was charged with unauthorized absence from a community correction facility, a state-jail felony.[2] After Ray was arraigned in the presence of a jury, he pled guilty, and the punishment phase was heard by the jury. In accord with the jury's verdict, Ray was sentenced to twenty-four months' confinement in a state-jail facility and assessed a $10,000.00 fine.

On appeal, Ray complains that the trial court committed harmful error by failing to admonish him regarding the range of punishment and the possible effects of his guilty plea on his immigration status,[3] in failing to ensure that his plea was voluntary,[4] and in failing to secure a waiver of his right to trial by jury.[5,6] Because we find that the trial court's judgment addresses all

---

[1]Although this is technically community supervision, we use "probation" because that is the term most commonly used.

[2]*See* TEX. PENAL CODE ANN. § 38.113 (West 2016).

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1), (4) (West Supp. 2017).

[4]*See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2017).

[5]*See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2017).

[6]Ray combines all of these complaints in a single issue. A multifarious issue is one that raises more than one specific ground of error. *In re S.K.A.*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007, pet. denied). We have repeatedly warned litigants to refrain from raising multifarious points of error. *See, e.g.*, *In re Guardianship of Moon*, 216 S.W.3d 506, 508 (Tex. App.—Texarkana 2007, no pet.); *Newby v. State*, 169 S.W.3d 413, 414 (Tex. App.—Texarkana 2005, pet. ref'd). Failure to heed our warnings runs the risk of having any multifarious issue(s) being summarily overruled. *Newby*, 169 S.W.3d at 414; *Harris v. State*, 133 S.W.3d 760, 764 n.3 (Tex. App.—Texarkana 2004, pet. ref'd);

of his complaints and that Ray has not overcome the presumption of the regularity of the judgment, we will overrule Ray's issues. However, because we find that the trial court erred in assessing Ray costs for his court-appointed attorney, we will modify the trial court's judgment by deleting those costs and affirm its judgment, as modified.

## I. Background

After the jury had been chosen, but before any testimony, the trial court was notified by the State and Ray that Ray wished to plead guilty to the charged offense and to submit punishment to the jury. After some discussion, the following exchange took place:

> THE COURT: . . . . Naturally, I'm not going to take a plea. All right? We're going to call the jury in. We understand what's going to happen but we will arraign the Defendant in our normal course and then he can enter his plea at that time.
> I do want to just briefly address Mr. Ray. Mr. Ray, please understand that you have many different rights, including the right to a full, bifurcated trial. That means a trial on your guilt or innocence as well as the punishment section if found guilty. I'm not going to take your plea at this -- sometimes we do some paperwork and all and they may do it. I'll do it any way y'all want to do it.

> [Counsel for the State]: Do you want him to fill it out? Is that what you're talking about?

> THE COURT: He can if y'all want to do it that way. Otherwise, we can just proceed on. I think my admonishments here are going to be sufficient.

> . . . .

> But please understand that, like I said, you do have various rights. You have the right to waive the guilt/innocence phase, plead guilty and then proceed straight on.

> THE DEFENDANT: Yes, sir.

---

*v. State*, 935 S.W.2d 862, 875 (Tex. App.—Texarkana 1996, pet. ref'd). In the interest of addressing substantive issues, we will not take the opportunity in this case to overrule this issue on the basis of it being multifarious.

No other admonishments appear in the appellate record. The State then introduced the underlying judgment, docket notes, and commitment order from the county court proceedings; several prior adjudications and judgments; and a booking sheet, all without objection. The jury was then brought in and the indictment was read, to which Ray pled guilty.

During the punishment phase, the State introduced testimony to explain what had transpired at the revocation hearing in the county court and the events leading up to Ray's arrest and the current charges. The State also introduced testimony regarding Ray's prior criminal history. In his defense, Ray introduced character testimony from his then-current girlfriend. Ray also testified on his own behalf to explain why he did not surrender to the county jail as required by the county court's order and his attempts to contact the county judge.

After final arguments by the parties, the jury returned its verdict and assessed Ray twenty-four months' confinement in state jail and a fine of $10,000.00. In its judgment of conviction, the trial court sentenced Ray to twenty-four months' in state jail and assessed a fine of $10,000.00 and court costs of $709.00, which included $350.00 in fees for Ray's court-appointed attorney. The judgment of conviction also recites,

> Defendant waived the right of trial by jury on guilt/innocence and entered the plea [of guilty]. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea.

Ray did not object to the form or substance of the judgment in the trial court and does not complain about it on appeal. Rather, Ray simply complains on appeal (1) that the record shows that the trial court failed to admonish him regarding the range of punishment and the possible effects of his

4

guilty plea on his immigration status as required by Article 26.13(a), failed to ensure that his plea was voluntary as required by Article 26.13(b), and failed to secure a written waiver of his right to trial by jury as required by Article 1.13(a) and (2) that such errors were harmful. Significantly, Ray does not contend that he was not aware of the range of punishment, that his immigration status will actually be affected by his guilty plea, that his plea was not voluntary, or that he did not waive his right to a jury. Ray also does not complain that the trial court's alleged failures violated any of his rights guaranteed under the United States and Texas Constitutions.

## II.    Analysis

Article 26.13 requires the trial court, before accepting a plea of guilty, to admonish the defendant, *inter alia*, (1) of the range of punishment associated with the offense and (2) that if the defendant is not a citizen of the United States, pleading guilty "may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1), (4).[7] These admonishments may be given orally or in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2017). Article 26.13 also provides that a plea of guilty shall not be accepted by the trial court "unless it appears that . . . the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b). However, there is no requirement that the trial court specifically inquire whether the plea is free and voluntary. *Basham v. State*, 608 S.W.2d 677, 678–79 (Tex. Crim. App. [Panel Op.] 1980) (citing *Richards v. State*, 562 S.W.2d 456, 458 (Tex. Crim. App. 1977) (op. on reh'g)). Finally, Article 1.13 requires that a

---

[7]Even when the defendant enters a plea of guilty before the jury after the reading of the indictment as required by Article 36.01 of the Texas Code of Criminal Procedure, the "trial court is not to accept a plea of guilty unless" the requirements of Article 26.13 have been satisfied. *See Conroy v. State*, 843 S.W.2d 794, 796 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

defendant who waives his right to a jury trial must do so in writing in open court with the approval of the court and the State. TEX. CODE CRIM. PROC. ANN. art. 1.13(a).

A trial court's failure to comply with these statutory requirements constitutes nonconstitutional error. *See, e.g.*, *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007) (failure to admonish on effect of guilty plea on immigration status); *Aguirre-Mata v. State*, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003) (range of punishment); *Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002) (Article 1.13(a)). We review nonconstitutional error under Rule 44.2(b) of the Texas Rules of Appellate Procedure, and we must disregard any error that does not affect a defendant's substantial rights. TEX. R. APP. P. 44.2(b); *VanNortrick*, 227 S.W.3d at 708. To determine whether a trial court's error affected the defendant's substantial rights, we "must conduct an independent examination of the record as a whole." *VanNortrick*, 227 S.W.3d at 708–09.

Initially, we must determine whether this record establishes that the trial court committed the errors alleged by Ray. As we have previously noted, the trial court's written judgment recited that Ray waived his right to trial by jury as to guilt/innocence, that the trial court admonished Ray "as required by law," and that it appeared to the trial court that the guilty plea was free and voluntary. A person who attacks his "guilty plea as that plea is reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct." *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (citing *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g)). "Those written recitals 'are binding in the absence of direct

6

proof of their falsity.'" *Guerrero*, 400 S.W.3d at 583 (quoting *Breazeale*, 683 S.W.2d at 450)). Further, the appellant has the burden of overcoming the recitals in the judgment, and a silent record alone will not meet this burden. *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984) (op. on reh'g).

In this case, Ray never objected to the recitations contained in the judgment. Also, he never complained at trial as to the lack of admonishments, and he never complained at trial that his guilty plea was not voluntary or that he had not waived his right to a jury trial. Further, in his own testimony, Ray sought to explain why he did not surrender to the county jail, maintained that he had attempted to contact the county judge to explain his absence, and testified that he knew that he was guilty, but did not believe he deserved to go to jail for two years. In addition, he did not request that any written waiver of jury trial be included in the record. Consequently, this record supports the conclusion that the trial court admonished Ray as to the range of punishment[8] and the consequences of his guilty plea on his immigration status,[9] as required by law, and that the trial court determined that his plea was free and voluntary[10] and that Ray waived his right to a jury

---

[8]Even assuming, *arguendo*, that the trial court did not admonish Ray as to the range of punishment, such error was harmless. When there are references in the record to the correct punishment range and there is nothing that shows the appellant was either unaware of the consequences of his plea, or that he was misled or harmed, then the error is harmless. *See Aguirre-Mata*, 125 S.W.3d 476–77. In this case, the record shows that during voir dire the State stated the correct range of punishment several times and that Ray's own testimony shows that he was aware that he could receive up to two years' confinement.

[9]Here also, even if the trial court did not admonish Ray as to the affects his guilty plea could have if he were not a United States citizen, such error was harmless. "[W]hen the record shows a defendant to be a United States citizen, the trial court's failure to admonish him on the immigration consequences of his guilty plea is harmless error." *VanNortrick*, 227 S.W.3d at 709. In this case, the State introduced a booking sheet without objection that showed Ray was born in "PARIS, TX UNITED STATES."

[10]In addition to the recitations in the judgment, Ray's testimony indicates that his plea of guilty was part of a strategic decision to show the jury that he was willing to take responsibility for his failure to surrender to the county jail in

7

trial.[11]  *See id.* at 451.  Therefore, we find that the trial court did not err, and we overrule Ray's issues.

## III.    Improper Assessment of Attorney Fees

Because Ray was indigent, the trial court appointed counsel to represent him during trial and on appeal.  Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs."  TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017).  "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided.  *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

In its judgment, the trial court ordered Ray to pay "Court Costs & Attorney's Fees" of $709.00.  The certified bill of costs shows that of this $709.00, $350.00 was charged for "Court Appointed Attorney."  Since there was no finding that Ray was able to pay them, the assessment

---

support of his request for leniency in sentencing.  This supports the trial court's determination that Ray's plea was free and voluntary.

[11]Again, even if the trial court did not obtain Ray's waiver of jury trial in writing, such error was harmless.  The trial court's recitation in its judgment that Ray waived his right to jury is sufficient to support the conclusion that he understood his right to trial by jury and that he was therefore not harmed by the failure to secure his waiver in writing. *See Johnson*, 72 S.W.3d at 349.  We also note that Ray pled guilty to the jury.  A "plea of guilty before a jury is a trial by jury and does not constitute waiver of trial by jury." *Williams v. State*, 674 S.W.2d 315, 318 (Tex. Crim. App. 1984) (citing *Miller v. State*, 412 S.W.2d 650 (Tex. Crim. App. 1967)).

of attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

This Court has the power to sua sponte correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent on the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court.").

Therefore, we modify the trial court's judgment by deleting the assessment of attorney fees and changing the amount assessed for court costs to $359.00. As modified, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     September 13, 2018
Date Decided:       September 27, 2018

Do Not Publish

9